## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **VALOR PERSONAL ASSISTANCE SERVICE, INC.,** § | | |
| Plaintiff, § | | |
| § | | |
| vs. § | No. 3:24-CV-00176-LS | |
| § | | |
| **BANK OF AMERICA N.A.,** § | | |
| Defendant. § | | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY DISCOVERY

COMES NOW Plaintiff, Valor Personal Assistance Service, Inc. ("Valor"), and files this Response to Bank of America, N.A.'s ("BOA") Motion to Stay Discovery, and shows as follows:

Defendant asks this Court to halt discovery in a case that has now been pending for over thirteen months. Plaintiff filed its original complaint on May 24, 2024, and has diligently amended its pleadings, responded to Defendant's motions, and served discovery directly tied to the claims that will proceed regardless of how the Court rules on the pending partial motion to dismiss. Yet now, more than a year into this litigation, Defendant seeks to stop all progress and shield itself from scrutiny. That request should be denied.

Under Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). To show "good cause" under Rule 26, the party seeking a stay of discovery must "show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978) ). The Court has broad discretion in determining whether to grant a motion for a protective order or stay of discovery. *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir.), cert. denied, 498 U.S. 895 (1990).

**I. Discovery Should Proceed Because the Case Will Proceed Regardless**

Defendant's motion to dismiss is explicitly partial. Even Defendant concedes that Plaintiff's claim under Texas Business and Commerce Code § 4A.202—the UCC provision governing authorized payment orders—will remain. That claim is not peripheral. It is central to the case and turns on a fact-intensive analysis of what Defendant knew, when it knew it, and what steps it did or did not take to authenticate, block, or reverse fraudulent transfers.

A stay is not warranted where, as here, discovery is necessary to develop facts underlying a surviving claim. The Fifth Circuit and district courts within this circuit routinely deny discovery stays where dispositive motions do not eliminate the entire action:

> While, in theory, a court may find good cause to stay discovery when there is a pending 12(b)(6) motion, in practice such stays are very rare, and almost never wise. *Glazer's Wholesale Drug Co., Inc. v. Klein Foods, Inc.*, 2008 WL 2930482, at * 1 (N.D. Tex. July 23, 2008) (such stays are "the exception rather than the rule"); *Von Drake v. Nat'l Broad. Co.*, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004) ("While discovery may be stayed pending the outcome of a motion to dismiss, 'the issuance of stay is by no means automatic.' "). As one district judge has noted, "[h]ad the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990).

*360 Mortgage Grp, LLC v. LoanCare LLC*, No. 1:18-CV-332 RP, 2018 WL 6272034, at *1 (W.D. Tex. Nov. 30, 2018). Defendant cannot meet its burden to show that a stay will promote efficiency when the surviving UCC claim will inevitably require the same discovery now being served.

**II. Plaintiff's Discovery Is Directly Relevant and Proportionally Limited**

The scope of discovery Plaintiff has initiated is appropriately narrow and targeted. The interrogatories, document requests, and deposition notices served on June 13, 2025, are limited to:

- Internal communications concerning Plaintiff's accounts in the days surrounding the fraudulent transfers;
- Authentication procedures and records concerning the disputed ACH batches;
- BOA's internal trace data, logs, policies, and reversal protocols;

- Specific employees who had contemporaneous involvement and decision-making authority.

These requests go to the heart of the § 4A.202 claim—namely, whether Defendant's security procedures were "commercially reasonable" and whether the bank followed them. Defendant does not—and cannot—credibly assert that this discovery is irrelevant. Instead, it offers only vague claims of "burden," while seeking to shield its own misconduct from scrutiny.

**III. The Motion to Dismiss Raises Mixed Questions of Law and Fact**

Defendant attempts to characterize its motion as presenting pure legal questions. That is false. Whether Plaintiff's claims are preempted under Article 4A depends on when BOA received notice of the fraud, what actions it took in response, and whether it acted in a commercially reasonable manner under § 4A.202 and § 4A.211. These are not legal questions—they are fact-bound inquiries.

Plaintiff alleges that BOA was notified of the fraud both in person and by phone on October 21, 2022—before settlement occurred. Plaintiff further alleges that BOA staff admitted that at least one of the ACH batches was still reversible, yet refused to take action. Plaintiff also alleges that BOA had technical access to the CashPro platform, trace numbers for the fraud, and visibility into the transactions, but refused to invoke reversal powers built into its contracts, policies, and the NACHA framework.

These factual allegations are not hypothetical. They are the basis of Plaintiff's surviving UCC claim. Defendant's effort to avoid discovery while these factual disputes remain unresolved is not a good-faith request for efficiency. It is an attempt to freeze the record and deny Plaintiff the chance to build its case.

**IV. Article 4A Preemption Is Disputed and Does Not Justify a Stay**

Defendant leans heavily on preemption under UCC Article 4A, as if that alone justifies halting discovery. But Defendant's theory of preemption is legally contested, factually disputed, and, in Plaintiff's view, overbroad.

Plaintiff's claims are not simply about the mechanics of initiating an ACH transfer. They focus on Defendant's post-notice failures—its refusal to act, refusal to recall or reverse, refusal to notify

intermediary banks, and refusal to authenticate or secure the account even after being told, in real time, that fraud had occurred. Courts have held that such post-notice conduct may fall outside Article 4A's preemptive reach. See *Meta Solutions v. First State Bank of Brownsboro*, No. 6:19-CV-329-JDK, 2020 WL 12991132, at *4 (E.D. Tex. Apr. 16, 2020) ("To the extent META's claims are based on alleged conduct occurring before or after the automated funds transfer, they are not preempted.").

In short, the preemption analysis is not a clean legal question. It is fact-intensive and cannot justify a categorical stay.

## V. Plaintiff Faces Real Prejudice from Delay

This case has already been slowed for over a year by procedural wrangling. Plaintiff has done everything expected of it: amended the pleadings after the Court's ruling, responded to the motion to dismiss, and served narrowly focused discovery designed to get to the core of what happened.

Further delay risks material prejudice to Plaintiff. Witness memories fade. Employees change roles or leave. Digital records—including call logs, chat transcripts, and metadata—are purged in ordinary course. BOA's litigation hold obligations do not protect against the degradation of time-sensitive information. A stay now would allow BOA to benefit from further delay while Plaintiff's evidence disappears.

That is not harmless.

## VI. Defendant Faces No Undue Burden

Defendant is a large financial institution represented by experienced counsel. The discovery requests served on June 13 are well within the scope of what is routinely exchanged in commercial litigation. Defendant's objection is not that the requests are abusive—it is that it prefers to avoid discovery altogether. But this is not a basis for a stay. Discovery is a basic obligation of civil litigation, not a punishment.

Moreover, because BOA's own motion to dismiss confirms that litigation will proceed under § 4A.202, it cannot reasonably argue that any burden imposed now is wasted. The same discovery will be required regardless.

## Conclusion

Defendant has not shown good cause for a stay. This case is more than a year old. The motion to dismiss is partial and contested. Discovery has been narrowly tailored. Factual development is necessary for the live claims. And further delay will prejudice Plaintiff's ability to prosecute this case on the merits. Plaintiff respectfully requests that the Court deny the Motion to Stay and allow discovery to proceed without further delay.

> Respectfully submitted,
>
> Valenzuela Law Firm
> 701 Magoffin Avenue
> El Paso, Texas 79901
> T: (915) 209-2719
> F: (915) 493-2404
>
> By:   /s/ Felix Valenzuela
>      State Bar No. 24076745
>      felix@valenzuela-law.com
>
> Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon all attorneys via CM/ECF, on June 21, 2025.

/s/ Felix Valenzuela